## FULCHER *vs.* LYON.

A capias *ad respondendum*, in a civil case, is not duly executed, under our statute, unless it is read to the defendant, or a copy delivered to him; and, if the return is merely that the body of the defendant was arrested, and he gave bond for his appearance, it should be set aside, on motion.

THIS was an action of debt, determined in the Jackson Circuit Court, in May, 1841, before the Hon. THOMAS JOHNSON, one of the Circuit Judges. Lyon was the plaintiff below, and Fulcher appealed. The facts of the case are stated in the opinion of the Court.

The case was argued here by *Fowler*, for the appellant.

*By the Court*, DICKINSON, J. The transcript in this case shows a degree of irregularity in the proceedings of the Court below, which we deem it proper to notice, as well because it is not only calculated to do injustice to the inferior tribunal, but greatly increase the labor of this Court, in arriving at the question in issue between the parties. The declaration was filed, and the affidavit bears date, the 19th of September, 1840, while the order to hold to bail, and the writ of capias, are dated the day preceding. The writ neither states the amount of debt claimed, nor has it any official seal; and the affidavit claims a subsisting and unsatisfied debt of $1000. The order to hold to bail is for $520 6¼. The writ was not delivered to the sheriff until the 13th of November, (a period of nearly two months), and then returned by him as coming to hand "too late to be executed." It ap-

57

pears by the transcript, that the summons not being executed, on motion of the plaintiff, an alias summons was ordered. On the 23d of November, 1840, a second capias was issued, upon which the sheriff returned that he had executed it by " arresting the body of Ferdinand C. Fulcher, and taking bail bond of him for his appearance at court." The appellant then moved to set aside this return, upon the ground that the sheriff did not read the writ to him, nor deliver him a copy thereof, as by the statute (*p.* 621, *sec.* 15,) he was bound to do. This motion was overruled by the Court; and, there being no further defence, judgment was entered against him, by default. The transcript states, that leave was given the sheriff to amend his return. We are to presume that it comes to this Court as amended; and there is no objection raised to the correctness of the record. The return is, in our opinion, defective and insufficient, and does not conform to the statute, which expressly requires the sheriff to read the capias, or deliver a copy to the defendant. The Circuit Court unquestionably erred in not setting aside the return, upon the motion of the appellant, and in giving judgment against him by default.

Judgment reversed.